BRADLEY *vs.* AMIDON and JONES, executors, &c.

Where the testator devised and bequeathed to the children of his daughter E. then in being, and to such children as she should thereafter have, one-third of his real and personal estate to be equally divided among them share and share alike ; and in case of the death of any of them without issue, and under the age of twenty-one, their shares to go to the survivors and to the children of such as had died leaving issue; with a limitation over to E., their mother, in case they should all die under age and without issue, if she should then be living, and if not living, then to her sister O. and her heirs ; and the testator then charged the property devised and bequeathed to the children of E., with her support, and directed his executors to take upon them the management of the property until the children of E. should respectively attain the age of twenty-one, and from the rents, profits and increase of the property to defray the expense of the support of E. and of the maintenance and education of her children, and to accumulate the surplus, if any, for the benefit of the children respectively until they should attain the age of twenty one ; and the will then declared, that it was the express desire and will of the testator that no part of the share or interest in his estate given to the children of E. should go out of the hands and management of his executors until such children should respectively attain the age of twenty-one, or until guardians should be appointed to manage the same for them ; and the testator died leaving his daughter E. surviving him, who then had three children, all under twenty-one years of age ; and the father of the children obtained the appointment of guardian of their estates:

*Held,* that by the will no part of the capital of the estate was given to the infant children of E. until they respectively arrived at the age of twenty-one ; and held if there had been no trust clause in the will that the executors could not have been required to pay over any part of the principal of their respective shares, to them or to their general guardians, while they were under the age of twenty-one.

*Held further,* that the testator by his will, contemplated a distribution of the capital of the fund among the children of E., during her life, as they should respectively attain the age of 21, and that her support was a charge upon the estate in the hands of the devisees and legatees after they should respectively arrive at the age of 21, and that the trust to the executors to receive the rents and profits, and apply so much as might be necessary for her support, was restricted as to each share to the time when the owner should have attained the age of 21 : *Held also,* that as to the shares of the personal estate to be paid over to the children, respectively, as they arrived at the age of 21, the court could direct it to be paid over to the legatees presumptively entitled to such shares, during the lifetime of their mother, upon their giving security to protect the contingent interests of afterborn children in that part of the fund.

*Held further,* that the direction in the will, to the executors, to take upon

themselves the management of the property, until the children of E. respectively attained the age of 21, and from the rents, to provide for her support as well as for the maintenance and education of her children who had not attained 21, was a valid trust; and that the legal title to the real as well as to the personal property vested in the trustees, by implication, during the minorities of the respective legatees and devisees, to enable such trustees to collect and receive the rents, &c. and apply them to the purposes of the trust, and to accumulate the surplus, if any, for the benefit of those entitled thereto during their respective minorities as directed by the will.

*Held also,* that the executors, after providing for the support of the mother, should pay over from time to time, to the general guardian of the children, so much of the residue of the rents and profits belonging to them respectively as was necessary for their support and education ; taking his receipts therefor as such general guardian.

The general guardian of infants cannot file a bill in his own name to obtain possession of the property of his wards. But he must file it in the name of the infants, as their next friend.

April 4.            THIS was an appeal by the defendants from a decree of the vice chancellor of the seventh circuit. G. Pinckney, the father-in-law of the complainant, by his will devised and bequeathed to the children of his daughter, Electa, the complainant's wife, then in being, and to such as she should thereafter have, one third of his real and personal estate, to be equally divided among them share and share alike ; and in case of the death of any of them without issue, and under the age of 21, their shares to go to the survivors and to the children of such as had died leaving children ; with a limitation over to Electa Bradley, their mother, in case they should all die under age and without issue, if she should then be living ; and if not living, then to her sister Ophelia, the wife of Budlong, and her heirs. The testator then charged the property devised and bequeathed to the children of his daughter, Electa Bradley, with her support for life. And he requested and directed his executors to take upon them the management and direction of the property until the children of his said daughter should respectively attain the age of 21 years ; and from the rents, profits and increase of the property to defray the expense of the support of his said daughter, and of the maintenance and education of her children ; and to accumulate the surplus, if any, for the benefit of the children, respectively,

until they should attain the age of 21. The will then con-
tained the following clause : " It is my express desire and
will that no part of the share or interest in my estate, above
devised and given to the children of my daughter Electa,
shall go out of the hands and management of my said exec-
utors herein after named, until the said children shall re-
spectively attain the age of twenty-one years, or until a
guardian or guardians shall be duly appointed according
to law to manage the same for them." The testator died
in 1837, leaving his daughter surviving him ; who then
had and still has three children living, the eldest of whom
was eleven years of age at the time of filing the complain-
ant's bill, in 1839. The complainant having procured him-
self to be appointed guardian of the estates of his children,
by the surrogate of the county where they resided, de-
manded the possession of their property ; which demand
the executors and trustees under the will refused to com-
ply with. He thereupon filed the bill in this cause, in his
own name, against the executors and trustees, to obtain the
possession of the property ; without making either his wife
or children parties to the suit.

The cause was heard upon bill and answer. And the
vice chancellor decided and decreed that the complainant
was entitled to the possession of the whole of the infants'
shares of the estate. He therefore directed the executors
and trustees to account to the complainant for that part of
the estate of the testator, and to deliver it over to him ;
and that the costs of both parties be paid out of the
fund. From this decision and decree the defendants ap-
pealed.

*E. Forman,* for the appellants. The intention of the
testator, that the defendants should hold the trust estate un-
til the children of Electa Bradley should attain the age of
21 years, is sufficiently clear from the will. An intention
of the testator, clearly expressed in the will, cannot be
overturned by implication. It can only be done by clear and
explicit language, plainly and palpably contradicting the

1843.

Bradley
v.
Amidon.

previous provision. If such intention be not expressed with sufficient certainty in the will, inasmuch as an intention is expressed, it is competent for the defendants to explain and show what it was, by parol evidence. (11 *Ves.* 457. 1 *Salk.* 7. 6 *Mod.* 199. 3 *Keb.* 49. 3 *Lev.* 71. 1 *Ves. & B.* 470. 1 *Mad.* 437, 8, 9. 5 *Mad. R.* 56. *Powell on Dev.* 335, 6.) The facts set forth in the answer of the defendants are such as are not in conflict with any intention discoverable on the face of the will, and they are such as to render more clear and defined to the eye of the court the intention perceptible through the whole will. (2 *Paige,* 122.) There is charged upon the trust estate in the hands of the defendants, the future contingent estates, in fee, for such children as Electa Bradley may hereafter have, as also the maintenance of Electa Bradley. And the complainant, as father and guardian of his present children, is not entitled to demand and have the custody of the estate in which her future children have this contingent interest, and from which she is to draw her support. The estate, both at law and in equity, is vested in the defendants by the will and the statute and their acceptance, subject to the execution of the trust; and they cannot be divested of it except by judgment of law; or upon their resignation by consent of the cestuis que trust, or under the direction of chancery. (1 *Edw. Ch. R.* 572.) This is an application for the removal of trustees and the appointment of another, and the court will take into consideration any facts or circumstances which render it improper that the appellant should have the custody of the trust estate. The complainant acquired no right to the possession of the trust estate under his appointment by the surrogate, even if the powers of the defendants had ceased. (1 *Edw. Ch. Rep.* 572.)

P. *Outwater, jun.* for the respondents. The complainant having been duly appointed guardian of the infant children of the complainant and his wife Electa, mentioned in the will, is as such entitled to the custody, care and control of the estate thereby bequeathed to the infants

by the will. The will provides that the custody of the property shall be committed to the defendants, until the children attain the age of 21, or until a guardian be appointed. The complainant has been appointed such guardian, and is therefore entitled to the custody of the property. The question is not what the testator intended, but what the words used will, according to their ordinary signification, embrace. (5 *Mad. R.* 412. 2 *Chit. Eq. Dig.* 1364.) The intention of the testator must be collected from the words of the will, and not from circumstances out of the will. (19 *Ves.* 521. 18 *Ves.* 466.) Parol evidence is not admissible to show the intention of the testator, against the construction upon the face of the will. (8 *Ves.* 22. 3 *Paige,* 26. 14 *John.* 1.) The last provision in a will controls its construction. (2 *Paige,* 122.)

THE CHANCELLOR. The counsel for the defendants does not appear to have called the attention of the vice chancellor to the fact that no decree could properly be made upon this bill, to which no person having any interest in the estate of the testator is a party, either as a complainant or defendant. The surrogate is not authorized by law to appoint a trustee, but merely to appoint a guardian of the estate of the infant. Such guardian, therefore, is not authorized to file a bill in his own name, to obtain possession of the property of his infant wards ; but he must file it in the names of the infants, as their next friend. A decree made in this suit would not protect these defendants from further litigation, even with the infants themselves. This bill should therefore have been dismissed, upon the ground that it was filed by a sole complainant who had no interest whatever in the subject matter of the suit.

But as it will probably save the expense of a new suit, in the name of the infants by their next friend, to examine the merits of this case, I have looked into the will of the testator to see whether this court has the power to take the property, which the defendants hold in trust for these infants, out of the hands of the executors and trustees, for

the purpose of placing it under the care of their general guardian.

If there was an absolute devise and bequest of one-third of the testator's property, to such of the children of his daughter Electa Bradley as should be in esse at his death, there would be some ground for supposing that the testator only intended to provide for the care and protection of the infants' share of the property until a guardian, of their estates, was appointed to take care of it for them. But the fact appears to have been overlooked, in this case, that the testator has not given to the infant children of the complainant any part of the capital of his estate, until they respectively arrive at the age of twenty-one ; and if they die before that time, without issue, the fund is given over to others. In such a case, if there was no trust clause in the will itself, the executors could not be required to pay over any part of the principal of the respective shares of the personal estate, to these legatees, or to their general guardian, while they were under the age of twenty-one. All that they could be required to do, in such a case, would be to keep the fund properly invested, and to pay over the income thereof for their support, until they respectively arrived at the age of twenty-one ; or that the fund should be brought into court and invested, under its direction, until the time of payment arrived ; and subject to the contingency mentioned in the will. (*Phillips* v. *Annesley*, 2 *Atk.* 58. *Heath* v. *Perry*, 3 *Idem*, 105, *n.* 1. *Green* v. *Piggot*, 1 *Bro. C. C.* 105.)

There are other difficulties in this case in the way of the complainant's claim to the possession of the personal property in the hands of the executors. The bequest was not to such of the children of the testator's daughter Electa as should be in esse at the time of his death ; but it was to such as she then had or should thereafter have. It cannot therefore be determined during the life of Mrs. Bradley, or at least until some of her children shall have attained the age of twenty-one years, what share of the fund will belong to each. For if she should have other children, either by the

complainant or by any future husband, they may come in and claim a share of the property under this will.  The will is inartificially drawn, and it is therefore somewhat doubtful whether the testator contemplated a distribution of this third of his property among the children of his daughter Electa, during her life, as they should respectively attain the age of twenty-one, or only upon their attaining that age after her death.  Taking the whole will together, however, I think the first construction must be the true one. Though it appears to have been a part of the general intention of the testator to provide for the support of his daughter for life, out of the property, it is done in the general form of a charge upon the estate, in the hands of the devisees and legatees, after they shall respectively arrive at the age of twenty-one.  And the trust to the executors, to receive the rents and profits and income of the property, and to apply so much thereof as may be necessary to her support, appears to be restricted, as to each share of the property, to the time when the owner of that share shall have attained the age of twenty-one.  It is true this construction of the will would leave any children which she might have after the distribution of the property to those who had arrived at the age of twenty-one, to look to those distributees for their portions thereof.  But as to the real estate that would present no difficulty whatever, as it would be but the ordinary case of a vested estate in fee, subject to open and let in after born children to share therein.  And as to the share of the personal estate to be paid over to the child who had attained the age of twenty-one, or who had died under age leaving issue, the court could direct it to be paid over to the legatee presumptively entitled to it, upon his giving security, to protect the contingent interests of afterborn children in that part of the fund.  (*See Webber* v. *Webber*, 1 *Sim. & Stu. Rep.* 311.)

But, by the express terms of this will, the executors are to take upon themselves the management and direction of the property until the children of the testator's daughter shall

respectively attain the age of twenty-one, and from the rents and profits to provide for her support, as well as for the maintenance and education of her children who have not attained that age. This is a valid trust under the provisions of the revised statutes, and the legal title must vest in the trustees by implication, during the minorities of the legatees and devisees respectively, to enable such trustees to collect and receive the rents and profits and income of the property, and to apply them to the purposes of the trust in the meantime, and to accumulate the surplus, if any, for the benefit of those who are entitled thereto, during their respective minorities, as directed by the will.

It is difficult to say what the testator intended by that clause of the will in which he directs, that no part of the share or interest devised to the children of his daughter Electa shall go out of the hands and management of his executors until the children respectively shall have attained the age of twenty-one, or until a guardian or guardians shall be duly appointed according to law to manage the same. But as it appears from the answer that the complainant and his wife, at the time of making the will, in consequence of family difficulties, were living separate from each other, I am satisfied that the testator did not intend to destroy the trust he had created for her benefit in the previous clause of the will, nor to authorize the executors to pay over the capital of the fund to the guardians of the minor children then in esse, to the prejudice of the rights of afterborn children. The clause was probably inserted from over cautiousness, on the part of the scrivener who drew the will, to provide for a supposed termination of the trust in case the daughter should die during the minorities of any of her children. But whatever event the testator may have had in contemplation when he inserted this restrictive clause in his will, it cannot properly be construed into a direction to his executors to give over to the guardian of the infants, whenever one should be appointed, the whole of this third of the estate ; without taking any security whatever to refund it, or any part of it, upon the hap-

pening of the contingencies contemplated by the will, or making any provision for the support of their mother out of the income of the property.

This decree, therefore, could not be sustained if the bill had been properly filed, in the name of the infants by their next friend. It must be reversed, and the complainant's bill must be dismissed with costs, including the costs of the executors and trustees upon this appeal. And as the appellants have merely done their duty as faithful trustees, in resisting the claim made in this case, the necessary costs and expenses to which they hav ebeen put, and which they cannot collect from the respondent, they will have a right to retain out of the income of this third of the testator's estate.

It may also be proper to suggest that the father is entitled to the guardianship and education of his children ; and that while they continue under his care and protection, the executors, after providing for the support of Mrs. Bradley, as directed by the will, should pay over to him, from time to time, so much of the rents and profits and income of the estate, belonging to the infants, respectively, as may be necessary for their support and education ; taking his receipts therefor as such guardian.