ULSTER COUNTY.—HON. ALTON B. PARKER, SUR-ROGÀTE.—May, 1884.

### TREADWELL v. MONTANYE.

*In the matter of the judicial settlement of the account of* FRANK D. L. MONTANYE, *executor of the will of* MATTHEW P. TEN EYCK, *deceased.*

It is not the policy of the courts to strain after a construction of a will which will prevent a legacy from lapsing.

The words "or his heirs," occurring in a will, after the name of a legatee or devisee, are words of purchase and substitution, and are to be distinguished from the words "and his heirs," etc., occurring in the like connection,—the latter being words of limitation and description.

Testator's will contained the following legacy : "To my granddaughter J. B. C. her heirs $500." The legatee died before testator, leaving no child or other descendant, her surviving. Her next of kin claimed the legacy, contending that the court had the power to, and to prevent a lapse should, interpolate the word "or" after the name of the legatee. There was no indication, elsewhere in the will, of an intent to substitute any person in place of the legatee, in case of her death.—

*Held,* that the disjunctive could not be supplied ; that the words "her heirs" were words of limitation and not of purchase : and that the legacy lapsed.

CONSTRUCTION of decedent's will upon judicial settlement of the account of executor thereof. The facts appear sufficiently in the opinion.

J. E. VAN ETTEN, *for F. D. L. Montanye, executor.*

A. T. CLEARWATER, *for James K. Ten Eyck, executor.*

BERNARD & FIERO, *for J. C. Treadwell.*

THE SURROGATE.—The second clause of the last will and testament of Matthew P. Ten Eyck reads as follows: "I give and bequeath the following legacies to the following persons, to be paid within six months after the decease of both myself and my said wife, viz.:

To my daughter, Jenette Benson, her heirs, $500.
To my daughter, Cornelia Slauson, her heirs, $700.
To my daughter, Mary Bogart, her heirs, $100.
To my grandson, Joseph C. Treadwell, his heirs, $500.
To my granddaughter, Jenette B. Cole, her heirs, $500.

Jenette B. Cole died before the testator, without leaving a child or descendant.

It is claimed, on the part of the next of kin, that the court has power to supply the word "or" between the words "Cole" and "her," so that the clause should read as follows: "To my granddaughter, Jenette B. Cole, or her heirs, $500;" and that such power should be exercised in this case to prevent the legacy from lapsing.

In construing a will, the court is bound to give effect to every word of the will, without change or rejection, provided an effect can be given to it not inconsistent with the general intent of the whole will taken together.

To effectuate the clear intention, as apparent upon the whole will, words and limitations may be transposed, supplied or rejected (Rathbone v. Dyckman, *3 Paige, 9;* Mason v. Jones, *2 Barb., 229;* Bradley v. Amidon, *10 Paige, 235*). A mistake, however, in a will cannot be corrected, or an omission supplied, unless it clearly appears by fair inference from the whole will.

It is not the policy of the courts to strain after a con-

struction that will prevent legacies from lapsing.   To do so would, in many instances, thwart the wishes of testators by giving their property to persons in whom they had no interest.   The rule is, therefore, steadily adhered to, that no words must be altered or supplied, to prevent a lapse, unless the will itself demonstrates that the testator intended a substitution of the heirs of the legatee in the event of his death before that of the testator.

It has been established from the earliest period, both in the ecclesiastical courts and in equity, that, unless the legatee survive the testator, the legacy is extinguished (Williams on Ex'rs, *1084;* 2 Kent Com., *434– 436;* Moehring v. Mitchell, *1 Barb. Ch., 264*).

Where a legacy is given to one and his executors, administrators and assigns, or to one and his representatives, if the legatee dies before the testator the legacy is lost, because the words "executors, administrators and assigns" are only descriptive ; and those who take by representation only cannot take that to which the person whom they represent never had title.   So a legacy to a person and his heirs, if the legatee die before the testator, will not go to his heirs, but will lapse, with the single exception, provided by statute, of a devise or bequest to a child or descendant who shall· die before testator, leaving a child or descendant who shall survive such testator.

The words "and his heirs" are words of limitation, not of purchase; they do not mean that, in the event of the death of the legatee before testator, the legatee's heirs are to be substituted in his place and stead, as to the legacy.   It is otherwise when the disjunctive "or"

is used. A bequest to a person "or his heirs" does not lapse, because the testator expressly provides for a substitution of the heirs of the legatee in his place.

Jenette B. Cole having left no child or other descendant, the statute does not save the legacy from lapsing, and the bequest, not being in terms to her "or her heirs," lapsed unless, under the rules of construction herein referred to, it is the duty of the court to supply the word "or." It is not unusual to find in conveyances, contracts, wills, and other instruments, the words of limitation and description, "and his heirs," abbreviated to "his heirs," but the words of purchase and of substitution, "or his heirs," are never so abbreviated.

The bequest in question contains no words indicating an intent, on the part of the testator, to substitute other persons in the place of the legatee, in the event of her death before the testator; and the words "his heirs" therein mean, I think, "and his heirs," and must be so read, unless from other provisions of the will, it clearly appears that it was not the intent of the testator that it should be so read and construed. There are seven bequests in the will, all of which are to the legatee, "his heirs," neither the word "and" nor the word "or" being used in any case. The will does not contain a word indicating that it was the intention of the testator to prevent any legacy from lapsing in the event of the death of a legatee. There is not a syllable from which it can even be inferred that a substitution of any person or persons, as to any legacy, was contemplated.

Jenette B. Cole had no children, and her only next of

kin was Joseph C. Treadwell, to whom a like bequest was made, and in the same language. There is not a word in the will indicating that it was testator's intention to have her brother take the bequest to her, in the event of her death before testator's, or *vice versa*. Had such a substitution been intended, it should have been expressed. In the absence of any expression on the subject, it cannot be held that the testator intended that, in the event of the death of the legatee, her next of kin should succeed to the bequest to her.

As it does not clearly appear, from the language of the will, that the testator intended to prevent the legacy in question from lapsing in the event of the death of the legatee before his death, or that he intended her next of kin to take, in such event, the disjunctive "or" cannot be supplied; "her heirs" must be read as words of limitation, and not of purchase; and the legacy of Jenette B. Cole held to have lapsed.

Ordered accordingly.