IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# WESTERN DIVISION.

JACKSON, APRIL TERM, 1893.

---

MINTER *v.* CLARK.

(*Jackson.* April 13, 1893.)

STATUTE OF LIMITATIONS. *Between guardian and ward.*

If the guardianship is terminated by the majority or marriage of the ward, no statute of limitations begins to run until the date of such termination against the ward's right to sue his guardian and sureties for dereliction, such as failure to renew bond and make settlements, occurring during the course of the guardianship. That cause existed for an earlier termination of the guardianship by removal, does not operate to terminate it and set the statute running.

Code construed: §§ 3451, 3472, 3473 (M. & V.) ; §§ 2757, 2776, 2777 (T. & S.).

Minter *v.* Clark.

Cases cited and approved: State *v.* Parker, 8 Bax., 498: Jones *v.* Ward,, 10 Yer., 168.

FROM HARDEMAN.

Appeal from Chancery Court of Hardeman County.    A. G. HAWKINS, Ch.

WOOD & McNEAL for Minter.

FRANK FENTRESS for Clark.

CALDWELL, J.    This is a suit for the settlement of a statutory guardianship.

On the eighth of March, 1870, the County Court of Hardeman County appointed defendant, Thomas A. Clark, guardian of complainant, Arthur C. Minter, a minor between two and three years old. Clark continued to act as guardian until Minter attained his majority, on the second day of July, 1888. In the meantime, the guardian renewed his bond four times, and made several partial settlements.

His original bond was signed by G. W. Doyle and H. W. Doyle as sureties. The first renewal bond was executed April 2, 1872, with L. S. Holmes and W. W. Casselberry as sureties; the second, May 6, 1873, with W. W. Casselberry and G. W. Doyle as sureties; the third, July 3, 1876,.

with J. M. Pettigrew and G. W. Doyle as sure-
ties; the fourth, December 1, 1879, with W. W.
Sammons and G. W. Doyle as sureties. The last
of the partial settlements was made on the first
day of May, 1885. By that settlement, which is
conceded to have been correct, a balance of $936.07
was shown to be due from the guardian to the
ward. Thereafter, at different times, the guardian
made several small disbursements of money for and
on account of his ward, leaving a large balance
still due.

September 21, 1891, Minter filed this bill against
Clark, the guardian, and G. W. Doyle, Casselberry,
Pettigrew, and Sammons, four of the sureties, al-
leging the foregoing facts, and the additional fact
that Clark had refused to settle his accounts, and
seeking a decree against the guardian and said
sureties for such balance as the Court might find
to be due him.

The defendants demurred to the bill, assigning
as cause of demurrer that the action was barred by
"the statutes of limitation." The demurrer was
overruled, with leave to rely upon the same de-
fense in answer.

Clark thereafter died, and the bill was volun-
tarily dismissed as to him. Doyle and Casselberry
suffered decrees *pro confesso* to be entered against
them. Pettigrew and Sammons answered, and in
their answer pleaded the statutes of limitation of
three, of six, and of ten years as complete bars
to complainant's action.

On final hearing, decree was pronounced against Doyle and Casselberry for $841, the amount found to. be due from the guardian to the ward; but, as to Pettigrew and Sammons, the bill was dismissed, upon the ground that they were protected by the statutes of limitation interposed in their answer.

From that part of the decree refusing a recovery against Pettigrew and Sammons complainant appealed; and from that part allowing recovery against Casselberry he has prosecuted a writ of error.

The decree was right as to Doyle and Casselberry, but erroneous as to Pettigrew and Sammons. Complainant was entitled to a recovery against all of them. The suit was not barred as to any of them by any statute of limitations.

Ordinarily a guardianship ceases only when the ward attains the full age of twenty-one years if a male, or marries if a female. *Jones* v. *Ward*, 10 Yer., 168; *State* v. *Parker*, 8 Bax., 497. There is nothing in this case to take it out of the general rule.

Clark continued to be the guardian of Minter, and, as such, the proper custodian of his funds until Minter attained his majority. No cause of action accrued to Minter until he was of age. Never before that time did he have the legal right to demand and receive his estate from Clark.

It is true that Clark was derelict, in that he failed to make regular biennial settlements of his ward's estate, and to renew his bond every two years, as required by § 2499 of the Code; and it

is also true that, for such dereliction, the County Court was authorized to remove him from the guardianship and appoint another in his place. Code, § 2500.

But that neglect on his part, and the existence of that authority in the County Court cannot, of themselves and without more, be held to have denuded him of his office, and conferred upon his ward, while yet a minor, a right to sue for and recover his estate.

A guardian cannot in that way cast off his official robes, and put the statute of limitations in motion against his ward. To allow him to do so, would be to give him the advantage of his own wrong.

If the County Court should remove an unfaithful guardian, and appoint another person in his room and stead, that would terminate the office of the former guardian, and give a cause of action against him for funds of the ward in his hands.

The same is true where a guardian is permitted to resign, and another is appointed in his place. *State* v. *Parker*, 8 Bax., 498.

In the case before us, there was abundant cause for removal, and a tribunal with plenary power to remove and fill the vacancy; but that was all. No removal was made, sought, or attempted; hence, the guardianship, with all of its legitimate consequences, continued until the majority of the ward, notwithstanding the non-feasance of the guardian. Neither he nor his sureties will be heard to complain that he was not removed.

The three years' limitation pleaded by Pettigrew and Sammons is found in § 2757 of the Code, which requires that a person to whom a cause of action accrues while under disability, shall sue within three years after removal of that disability.

Complainant's cause of action not having accrued while he was under disability, but at the time he attained his majority, that statute is not applicable in this case; and, for that reason, could not have barred his action.

The statutes of six and of ten years (Code, 2775 and 2776), also pleaded by those defendants, are equally unavailing in this case, because neither ten nor six years elapsed between the accrual of the action and the commencement of the suit. As we have already seen, this cause of action accrued at the time complainant became of age, and he filed this bill three years, two months, and nineteen days thereafter.

The right of action, as against the sureties, did not accrue at the time they signed the bonds, nor two years thereafter, when the guardian failed to renew his bond as required by law. It did not accrue as to them in 1885, when he made his last partial settlement, nor at any time thereafter before the majority of complainant. The cause of action against the sureties is the same as that against the guardian, and it accrued against all of them at the same time.

Enter decree against Pettigrew, Sammons, and Casselberry for debt, interest, and costs.