WILLIAM STEWART, *Guardian, v.* ELI SIMS *et al.*

*(Nashville.    December Term, 1903.)*

1. GUARDIAN AND WARD.  Ward may sue in his own name
through guardian, who thus becomes next friend.

While under our statutes, a guardian is entitled to the possession
of the personal estate of his ward and the profits of his lands,
and is authorized to .bring such suits in relation thereto as he
may deem necessary, still the minor ward is not precluded, in a
proper case, from instituting a suit with regard to his property
in his own name, through his guardian, who thus becomes for
the time being his next friend.    (*Post, pp.* 299-300.)

Code cited and construed:   Secs. 4272 and 4273 (S.); secs. 3376
and 3377 (M. & V.); secs. 2506 and 2507 (T. & S. and 1858).

Cases cited and approved:   Simpson v. Alexander, 6 Cold., 619;
Thomas v. Dike, 11 Vt., 273; Bradley v. Amidon, 10 Paige, 235;
Segelken v. Meyer, 94 N. Y., 479; Sanderson v. Sanderson, 17
Fla., 829; Downs v. Friel, 57 Md., 531; Simpson v. King, 1
Ir. Equity, 11.

Case cited and distinguished:   Minter v. Clark, 92 Tenn., 459.

2. SAME.  Same.  Ward may sue former guardian through suc-
ceeding guardian as next friend.

When the guardian is removed, a right of action accrues to the
ward, and he may bring his suit, through his next guardian or
through any succeeding guardian, as next friend, against the re-
moved guardian and the sureties on his bond for the property
withheld by such removed guardian.    (*Post, pp.* 301.)

Case cited and distinguished: Minter v. Clark, 92 Tenn., 459.

3. SAME.  Same.  Same.  Ward may sue through guardian,
though guardian's action is barred.

While the action of the guardian as such may be barred by the
statutes of limitations, yet the ward may maintain a suit in his

Stewart v. Sims.

own name through the guardian who thus becomes the ward's next friend for the time being. (*Post, pp.* 300-301.)

Case cited and distinguished: Minter v. Clark, 92 Tenn., 459.

4. **SAME.** Guardian is chargeable with compound interest during guardianship, but not afterwards.

A guardian will be charged with compound interest up to the time of his removal, and with legal interest only from that time upon the amount then found to be due as the statute allowing compound interest does not extend beyond the termination of the guardianship. (*Post, p.* 303.)

FROM WHITE.

Appeal from the Chancery Court of White County.—
W. T. SMITH, Special Judge.

F. T. FANCHER, for complainant.

H. C. SNODGRASS and JARVIS & HILL, for defendant.

MR. CHIEF JUSTICE BEARD delivered the opinion of the court.

The defendant Eli Sims was appointed and qualified as guardian of the minor complainant, Wade H. Broyles in 1889, executing a bond for the faithful discharge of his duties, with his codefendants as sureties. After holding the office for several months, he was removed

by the county court of White county, and required to make a settlement of his guardian account. At the same time one Meredith was appointed as his successor in office, and he acted as guardian until a year or two before the filing of the present bill, when he died. The complainant, Wm. Stewart, was duly appointed to succeed him, and was the guardian of the minor, Broyles, when the present bill was filed. At the time of his removal the defendant Sims had in his possession a considerable sum of money and other property belonging to his ward, which he has failed to account for to the present time. The bill in this case is styled, "The bill of complaint of W. H. Broyles a minor," etc., "by his regular guardian," etc., and was filed to hold him and the sureties upon his guardian bond liable for his failure to account for the money and the property so held by him. The only defense made to the bill was the statute of limitations of ten years and that of six years. The chancellor, upon the hearing of the cause, overruled that plea and decreed that W. H. Broyles, by his guardian, W. L. Stewart, as guardian and next friend, recover, etc., and an order of reference was moved to ascertain what was due to him. The court of chancery appeals reversed this decree upon the ground that it is in substance a suit by the guardian, and when brought was barred by the statutes of limitations.

We think that the court of chancery appeals was in error in this holding. As already stated, the bill was filed by the minor by his guardian, and relief is given to

him as such.  It is in form and spirit the minor's suit, and the real question is, can an infant maintain such an action?  While it is true that by section 4272 of Shannon's Code the guardian is entitled to the possession of the goods and chattels and other personal estate of his ward, as well as the profits of his lands and tenements, and under section 4273 he is authorized to bring such suits or actions in relation thereto as he may deem necessary, we do not understand that the minor is precluded in a proper case from instituting a suit with regard to his property in his own name through his guardian, who thus becomes for the time being his *prochein ami,* or next friend.  It has been held that an infant may sue by his next friend, notwithstanding he had a guardian, if the guardian does not dissent.  *Thomas* v. *Dike,* 11 Vt., 273, 34 Am. Dec., 690.  In *Bradley* v. *Amidon,* 10 Paige, 235, it was held that, although the general guardian of an infant was the legal custodian of his ward's property, yet he could not file a bill to obtain possession of such property in his own name, but he must file it in the name of the infant as next friend; and in *Simpson* v. *Alexander,* 6 Cold., 619, this rule of practice was recognized, though not settled, by this court.  Mr. Daniell, in his Chancery Practice (vol. 1, star page 69), uses this language: "Although an infant has had  a guardian assigned him by the court or appointed by will, yet where the infant is plaintiff the course is not to call the guardian by that name, but to call him a next friend."  To the same effect will be found the cases of *Segelken* v.

*Meyer,* 94 N. Y., 479; *Sanderson* v. *Sanderson's Adm'rs,* 17 Fla., 829; *Downes* v. *Friel,* 57 Md., 531.

In *Simpson* v. *King,* 1 Ir. Equity, 11, it was held that a suit in equity for a legacy should be brought in the name of the infant, and not that of the guardian, though payment upon recovery could only legally be made to the latter. And so in the present case, while the recovery made here will be at the instance of and for the benefit of the minor, yet the proceeds of this recovery would pass into the custody and under the control of his guardian, protected by the bond which he has heretofore executed.

In the opinion delivered by the court of chancery appeals it is said "that the right of action of a minor against his guardian for malfeasance or illegal conduct in the management of his trust does not accrue against him or his sureties until the minor arrives at age." The case of *Minter* v. *Clark,* 92 Tenn., 459, 22 S. W., 73, is cited in support of his proposition. We think, however, that the court has made a misapplication of that authority. There the complainant, after having reached his majority, filed a bill against one who had been his guardian from his early infancy, and against the sureties upon the various bonds which he had been compelled to give from time to time as such guardian. Among other defenses, these sureties relied upon the statutes of limitations of six and ten years, and the chancellor, in disposing of the case, allowed certain of these sureties the benefit of this plea. Upon appeal to

this court the decree was reversed in so far as it discharged any of these sureties, this court holding that the action upon these bonds had not accrued to the minor until he reached his majority, and the bill had been filed within the saving of the statute. In that case the same guardian had acted from the beginning until the majority of his ward had been reached, and it was only in meeting the defense of the statute of limitations by the sureties that the court had occasion to make the statement which was relied upon by the court of chancery appeals as announcing a general rule, the effect of which was to repel the minor complainant in this cause. But we have here a case where the guardian has been removed from office, and who had thereafter no right to retain the custody of the ward's estate, his duty being, as he was directed by the court, to pay over the estate in his hands to his successor in office. From the very moment that he was thus denuded of his office, the right accrued to his successor to hold him and his sureties liable for his default. The failure, however, of this successor to institute an action to recover from this defaulting guardian the property which he had in his hands belonging to his former ward could not preclude the minor from instituting an action through a still succeeding guardian, or, in the absence of one such, through his next friend, to obtain a decree for the property so withheld from his estate.

Upon the filing of the present bill the complainant, Broyles, became the ward of the chancery court, and it

was the duty of that court to see that his interests were protected, and that such decrees were passed as would save his estate from waste and destruction. There can be no doubt if, after the default of Sims, no successor had been appointed by the county court of White county, that the minor, through a next friend, might have filed a bill such as is the present, for the purpose of holding his former guardian and the sureties upon his bond liable for this default; and we can not see that his right in this respect has been altered by the fact that there was a successor who held his office for a number of years, and yet failed to put in operation the machinery of the law to redress the wrongs of his ward. And we think that this minor is not restricted of his rights by reason of the fact that he has now a third guardian, but that under the protection of his guardian as next friend he can come into a court of equity, and do for himself, through that court, that which his second guardian should have done for him years before. More especially is this true as the record discloses that Sims is no longer a resident of this State, and was only brought within its jurisdiction by attaching property in Tennessee. We are satisfied that the court of chancery appeals was in error in dismissing the complainant's bill.

We find, upon examination of the record, that certain notes, the property of the defendant Sims, are in the registry of the chancery court of White county, held under the attachment referred to subject to the decree

Stewart v. Sims.

that may be pronounced in this cause, and it will there-
fore be remanded to that court to state an account as
between the complainant and his guardian, and with
the view of having, so far as may be necessary, the pro-
ceeds of these notes applied to the satisfaction of the
decree that may hereafter be rendered by the chancellor.
In stating the account as between the ward and his
former guardian, compound interest will only be al-
lowed up to the time of the removal of the guardian
from his office. The statute allowing such interest does
not extend beyond the termination of the guardianship.
From that time, the interest upon the amount
found then to be due will be calculated at the rate of
six per cent per annum.

The cost of the cause in the court below as well as
in this court will be paid by the defendant Sims and
the sureties upon his guardian bond.