Joslin *v.* Vaughn *et al.*

(*Nashville*, December Term, 1943.)

Opinion filed June 10, 1944.

James W. Stokes, of Nashville, for complainant appellee.

Lurton Goodpasture, of Nashville, for defendant-appellant.

J. E. Travis, of Nashville, for defendant-appellant Bonding Company.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit brought by the administrator of Mrs. Ada C. Wilson, for many years before her death a person of unsound mind, against her guardian, Vaughn, and his sureties to recover a balance claimed to be due out of funds of his ward coming into the guardian's hands. A demurrer to the bill was overruled by the chancellor but a discretionary appeal was allowed. The demurrer rests upon the proposition that the bill upon its face shows it to be barred by the statute of limitation of six years, Code, section 8600, in favor of the sureties of guardians and the statute of limitation of ten years, Code, section 8601, in favor of guardians.

. . By certain proceedings in the county court of Davidson County Mrs. Wilson was found to be insane and defendant Vaughn appointed her guardian on April 5, 1914. He continued to act as such, in our opinion, up until the date of her death on December 10, 1935. During this period he made two reports only of this trust, which were confirmed, and filed a third, intended to be a final report, on December 15, 1935, a few days after Mrs. Wilson's death.

Shortly before Mrs. Wilson's death Vaughn was thrown into bankruptcy. Certain property in his hands came into the possession of his trustee in bankruptcy. By the efforts of a next friend some $4100 of the fund acquired by the trustee in bankruptcy from Vaughn was shown to be the property of his ward, Mrs. Wilson. The federal court directed the payment of this money to the clerk of the county court of Davidson County to the credit of Mrs. Wilson.

As a result of proceedings in the county court and by agreement of counsel representing the only child of Mrs. Wilson, Vaughn tendered his resignation as guardian on October 28, 1935. Thereupon the county court decreed as follows:

"And it appearing to the court that Mrs. Earl Joslin, the only child of Mrs. Ada C. Wilson, has due notice of the guardian's intention to resign and consents thereto under the terms and conditions contained in said petition, it is therefore ordered, adjudged and decreed by the court that the said C. Keith Vaughn, guardian of Mrs. Ada C. Wilson, shall at once settle his accounts as such guardian with the clerk of this court and pay over to said clerk at once all funds belonging to said ward. The clerk shall thereafter and as soon as possible report such settlement to the court for confirmation or rejection."

It appears from the county court record filed as an exhibit to the bill that Vaughn on December 15 filed the report, intended as a final settlement, in the county court but that the county judge refused to approve this report.

It is obvious from the foregoing, Vaughn's final report having been disapproved by the court, that his tendered resignation was not accepted and that he was not discharged from his obligations as Mrs. Wilson's guardian. As a matter of fact she died five days before he filed this report. In his tendered resignation Vaughn said: "I am ready and willing to make a full account of my guardianship upon the appointment of another guardian by the court." The decree consented to the resignation "under the terms and conditions contained in said petition," that is on "full account." These terms and conditions were not met to the satisfaction of the county judge.

From this statement of the case it is clear that Vaughn, appointed guardian of Mrs. Wilson on April 5, 1914, continued to occupy that status up until the time of her death on December 10, 1935. According to the present bill Vaughn is considerably indebted to the estate of his ward. The bill was filed on November 29, 1941, something less than six years after the death of Mrs. Wilson. Section 8600 of the Code is as follows:

"Actions for the use and occupation of land and for rent; actions against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; actions on contracts not otherwise expressly provided for, shall be commenced within six years after the cause of action accrued."

Section 8601 of the Code permits a suit against the guardian himself within ten years after the cause of action accrues.

The case before us is ruled by *Minter* v. *Clark*, 92 Tenn., 459, 22 S. W., 73, 74. The two cases are almost identical except that in the one a minor was involved, in the other a person of unsound mind.

In *Minter* v. *Clark*, a guardian was appointed for a child between two and three years old in 1870. The guardian continued to occupy that status until the ward attained his majority in July, 1888. In September, 1891, the ward, more than three years past twenty-one, sued the guardian and sureties on his bond seeking a settlement of accounts and a decree for the balance due. The sureties interposed pleas of the statutes of limitations, Code, secs. 8600, 8601, above mentioned, and 8574, which provides: "If the person entitled to commence an action is, at the time the cause of action accrued, either (1) within the age of twenty-one years, or (2) of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three years, and in that case within three years from the removal of such disability."

This Court held that the suit was not barred by any statute of limitations. The Court said:

"Ordinarily a guardianship ceases only where the ward attains the full age of 21 years if a male, or marries if a female. *Jones* v. *Ward*, 10 Yerg., [160], 168; *State* v. *Parker*, 8 Baxt., [495], 497. There is nothing in this case to take it out of the general rule.

"Clark continued to be the guardian of Minter, and, as such, the proper custodian of his funds, until Minter attained his majority. No cause of action accrued to Minter until he was of age. Never before that time did he

have the legal right to demand and receive his estate from Clark.

"It is true that Clark was derelict, in that he failed to make regular biennial settlements of his ward's estate, and to renew his bond every two years, as required by section 2499 of the Code; and it is also true that, for such dereliction, the county court was authorized to remove him from the guardianship and appoint another in his place. Code, section 2500.

"But that neglect on his part, and the existence of that authority in the county court cannot, of themselves and without more, be held to have denuded him of his office, and conferred upon his ward, while yet a minor, a right to sue for and recover his estate.

"A guardian cannot in that way cast off his official robes, and put the statute of limitations in motion against his ward. To allow him to do so would be to give him the advantage of his own wrong.

"If the county court should remove an unfaithful guardian, and appoint another person in his room and stead, that would terminate the office of the former guardian, and give a cause of action against him for funds of the ward in his hands.

"The same is true where a guardian is permitted to resign, and another is appointed in his place. *State* v. *Parker*, 8 Baxt., [495], 498."

The Court added that there was abundant cause for removal of the guardian, but no removal was made and that the guardianship continued until the majority of the ward. It was said that neither the guardian nor his sureties could complain that he was not removed.

The result of this case is that one guardian occupies that capacity during the whole of the disability

of his ward as here, notwithstanding derelictions on the guardian's part which might be ground for removal, the cause of action in favor of the ward for final settlement against the guardian and his sureties does not accrue until the disability of the ward is removed. In *Minter* v. *Clark* the disability was one of infancy. In the case before us the disability is one of insanity. We regard *Minter* v. *Clark* as controlling here.

There is nothing in *Stewart* v. *Sims*, 112 Tenn., 296, 79 S. W., 385, and in *Jackson* v. *Crutchfield*, 111 Tenn., 394, 77 S. W., 776, to weaken the authority of *Minter* v. *Clark*. Indeed the earlier case is apparently approved in *Stewart* v. *Sims* under facts to which the earlier case is applicable. In *Stewart* v. *Sims* the guardian, whose sureties were sued, had been removed, and in *Jackson* v. *Crutchfield* the guardian, whose sureties were sued, had died, and *Minter* v. *Clark* recognizes that the cause of action in favor of the ward accrues under circumstances like these. Here the ward died and the guardianship ended in that way and the cause of action accrued to the ward's representative.

It is insisted by the guardian that the complainant here is guilty of laches in delaying this suit and for this reason should be denied relief. The case, however, is before us on demurrer only and it does not appear from the face of the bill that the defendant guardian and his sureties have sustained any hurt by reason of the delay.

It is also said that the proceedings by which Vaughn was appointed guardian were void and for this reason the present suit is not maintainable. Vaughn, however, undertook to act as guardian under order of the court and the sureties undertook to bond him as such.

guardian and we think neither Vaughn nor the sureties can now question the regularity of his appointment.

We think the chancellor properly overruled the demurrer and his decree is affirmed and the cause remanded for further proceedings.