**Melinda Gaye TATE, Plaintiff,**

v.

**ELI LILLY AND COMPANY, et al., Defendants.**

No. 80–3762.

United States District Court,
M. D. Tennessee,
Nashville Division.

Sept. 18, 1981.

Lin Howard, Nashville, Tenn., for plaintiff.

James M. Doran, Jr., Nashville, Tenn., for defendant Merck & Co., Inc.

## MEMORANDUM

WISEMAN, District Judge.

This is a diversity case in which plaintiff seeks to recover damages for personal injuries allegedly resulting from her in utero exposure to the drug diethylstilbestrol, commonly known as "DES." Defendant Merck & Co., Inc., has filed a Rule 12(b)(6) motion to dismiss the complaint. It maintains that the ten-year "cap" on products liability cases contained in section 3 of the Tennessee Products Liability Act of 1978 [the Act], codified at T.C.A. § 29–28–103(a) (1980), bars plaintiff's right of action. Plaintiff argues that the ten-year cap is inapplicable because her complaint alleges an injury that she sustained as a minor, and thus, in the words of the statute, she had "a period of one (1) year after attaining the age of majority" to bring the action, a condition that she satisfied. Plaintiff filed this lawsuit on December 24, 1980, six days before her nineteenth birthday on December 30, 1980. The Court holds that the statute creates an exception for causes of action based upon injuries to minors, and these may be brought within a period of one year after attaining majority, without regard to the generally applicable limitations contained in subsection (a) of T.C.A. § 29–28–103. Accordingly, defendant's motion is denied.

The statute, in relevant part, provides as follows:

*29–28–103.   Limitation of actions—Exception.*

(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28–3–104, 28–3–105, 28–3–202 and 47–2–725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

The crux of defendant's argument is that the last clause, "whichever occurs sooner," manifests a legislative intent to preserve the cause of action of a minor only if it accrues within ten years from the purchase of the product at issue. Under defendant's interpretation (as presented in its March 18, 1981, brief), a minor would have until his nineteenth birthday to bring a products liability action even if the ten years had run, so long as his injury was discovered within ten years of the date of purchase. Plaintiff maintains, in essence, that the exception carved out for minors is absolute, so that any person with a right of action accruing at any time during infancy could recover so long as suit was filed before his or her nineteenth birthday, without regard to the accrual date.

Defendant supports its position by referring to an unidentified portion of the Senate debate on the Act and by arguing that it would be unfair and against legislative intent to favor minors in the fashion urged by plaintiff's interpretation. Neither argument withstands scrutiny. Defendant's lengthy but completely unreferenced citation to the Senate debate actually undercuts its position. In this debate, Senator Blank, the Senate sponsor of the Act, argues in support of tabling an amendment that apparently would have created a fourteen-year cap for minors as opposed to the ten-year cap for adults. In his argument, Senator Blank contends that minors should not receive any special protections in the form of an extended cap. His motion to table lost by a vote of fourteen to sixteen, however, a rather clear indication that Senator Blank's position was rejected despite

his sponsorship of the bill. Consequently, the unidentified excerpt of this debate, far from supporting defendant, significantly damages its position.

Defendant's argument that it would be "illogical and not the intent of the legislature" to place minors in a preferred position carries little weight in light of Tennessee's long-standing policy of preserving the accrued rights of action of minors until they reach majority and then, in the case of personal injury claims, allowing one additional year to bring suit. *See* T.C.A. §§ 28–1–106 and 28–3–104. This policy of favoring minors through a savings statute has been in effect for more than 120 years. *See, e. g., Gaugh v. Henderson*, 39 Tenn. (2 Head) 628 (Tenn.1859). Accordingly, there is nothing at all illogical about a modern legislature continuing the policy of favoring minors, and what defendant calls unfairness merely reflects a long-standing legislative policy judgment that minors need special protection. The Court cannot accept defendant's invitation to interpret the statute in light of a public policy that it would prefer, because the established law of Tennessee indisputably favors a solicitous approach towards preserving minors' rights of action. The legislature could have chosen to modify this policy in the new Act, but in the absence of a clear indication of such intent, the Court is inclined to construe the statute in light of the existing policy.

The Court finds that the clause "whichever occurs sooner" has no effect. Defendant has failed in its attempt to find an expression of modified legislative policy behind these last three words of subsection (a). It should be noted that defendant has not seriously attempted to rely on any purported plain meaning of these three words, an argument that would have been futile because the clause lacks a plain meaning. The pronoun "whichever" necessarily requires two disjunctive antecedents, but the relevant portion of the statute contains only one: "a period of one (1) year after attaining the age of majority." In construing statutes Tennessee courts hold that the words must be given their natural effect and import. *See Stalcup v. City of Gatlin-*

*burg*, 577 S.W.2d 439 (Tenn.1978). In this case, however, the clause "whichever occurs sooner" is devoid of natural import.

Plaintiff's counsel persuasively argues from a masterful reconstruction of the legislative history that the clause was inadvertently left in the statute after one of its two antecedents was removed by amendment. In its original form, the bill included an exception for minors that allowed causes of action to be brought "within a period of fourteen (14) years from the date of injury or within a period of one year after attaining the age of majority, whichever occurs sooner." *See* Exhibit A to Plaintiff's Brief in Opposition to Motion to Dismiss [Plaintiff's Brief]. House Amendment No. 11, sponsored by Representative Ashford and adopted by the House, amended the bill by deleting the words "within a period of fourteen (14) years from the date of injury or," and the Senate concurred. *See* Exhibit B to Plaintiff's Brief. (Exhibits A and B are attached in an appendix to this Memorandum.) By deleting one of the two antecedents to the clause, the legislature stripped the clause "whichever occurs sooner" of any meaning. Accordingly, the minors' exception should read "except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority." In this form, the statute unambiguously preserves a minor's cause of action until he reaches majority, at which time he has one year to bring it in his own name. Consequently, the amended bill maintains the status quo for minors with a products liability cause of action, such that they enjoy the same protections as minors with other personal injury causes of action. The express exception was necessary to maintain the status quo in light of the Act's general provision imposing the new limitations "notwithstanding any exceptions to [the general statutes of limitation];" in other words, because the minors' savings statute, T.C.A. § 28–1–106, is an exception to the general personal injury statute of limitations, T.C.A. § 28–3–104, the legislature

needed to provide an express exception for minors to preserve their existing rights.

Plaintiff's counsel has extracted portions from the tape recordings of the legislative debates on the bill that strongly demonstrate a legislative intent to maintain the status quo for minors by adopting Amendment No. 11. For example, Representative Ashford, the House sponsor of the amendment, is quoted as stating that the amendment will modify the bill so as "to treat them [minors] the same way in this case [i. e., a products liability case] as you did in an automobile accident case *or any other injury case*." Plaintiff's Brief 6, quoting Cassette No. H–106, Tape Position 20 (located in the Tennessee State Archives) (emphasis added). Senator Blank, the Senate sponsor of the Act, is quoted as stating that Amendment No. 11 affects the bill so that "you end with the bill now reading that a minor has a right of action ... until he's eighteen years of age plus one year ...." Plaintiff's Brief 7, quoting Cassette No. S–108, Tape Position 22–24. Although the Court is hesitant to rely greatly on transcriptions of selected portions of legislative debates that may not reflect the total context, these two quotations cannot be ignored.

■ In summary, the Court holds that T.C.A. § 29–28–103 subsection (a) preserves accrued products liability rights of action of minors until they reach majority, after which time they have one year to bring an action. This holding follows from the Court's conclusion that the last three words of subsection (a) are a nullity.

■ If plaintiff's only right of action were the one accruing upon her discovery of the injuries alleged in the complaint, the Court's holding would not necessarily benefit her. Under present Tennessee law, personal injury rights of action now accrue at the time of discovery. *See McCroskey v.*

*Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.1975). To enjoy the protection of the minors' savings statute, T.C.A. § 28–1–106, the right of action must accrue during minority. *See Minter v. Clark*, 92 Tenn. 459, 22 S.W. 73 (1893). The Court would apply this principle of Tennessee law to the minors' exception in the Products Liability Act, which means that plaintiff must show that her right of action accrued during minority. If plaintiff's only right of action were the one accruing upon discovery, a factual determination would be necessary to establish the discovery date, which is unalleged in the complaint. If discovery occurred after plaintiff's eighteenth birthday, the action would be barred by the ten-year cap.

■ This determination is not necessary, however, because the complaint states a separate right of action accruing at the time of plaintiff's birth. Plaintiff alleges prenatal injuries as a result of her mother's DES usage, and under Tennessee law a right of action based upon that claim accrued at the time of birth. *See Shousha v. Matthews Drivurself Service, Inc.*, 210 Tenn. 384, 358 S.W.2d 471 (Tenn.1962). This right of action was not affected by the "discovery rule" recognized in 1974 in *Teeters v. Currey*, 518 S.W.2d 512 (Tenn.1974), a medical malpractice case, and generally applied to personal injury actions in *McCroskey v. Bryant Air Conditioning Co., supra*, in 1975. *Teeters* and *McCroskey* created a separate right of action independent of any rights of action already existing under prior law. *See Jones v. Morristown-Hamblen Hospital Association, Inc.*, 595 S.W.2d 816, 819 (Tenn.App.1979).

■ Plaintiff's right of action accruing upon her 1961 birth was not cut off by the Act as it has been construed by the Court.[1]

---

1. The Court's holding obviates the necessity of determining whether the Act would be constitutional under Tennessee law if it purported to cut off plaintiff's existing right of action in 1978, the year of the Act's enactment. *Cf.*

*Morris v. Gross*, 572 S.W.2d 902 (Tenn.1978) (holding that the medical malpractice cap is unconstitutional insofar as it purported to terminate medical malpractice actions that had already been filed under existing law).

*Cf. Parlato v. Howe,* 470 F.Supp. 996 (E.D. Tenn.1979) (holding that the Medical Malpractice Review Board and Claims Act of 1975 did not cut off a minor's accrued right of action). Under both the Act and existing law, she was entitled to bring suit in the one-year period between reaching majority and her nineteenth birthday, a condition that she satisfied. *Cf. Braden v. Yoder,* 592 S.W.2d 896 (Tenn.App.1979) (following *Parlato v. Howe, supra,* in holding that the medical malpractice cap did not apply to existing rights of action of minors or affect the applicability of the minors' savings statute). Consequently, defendant's motion to dismiss is denied.

## APPENDIX

actions based upon the following theories:. Strict Liability in Tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent; or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

(h) "Anticipated Life". The anticipated life of a product shall be determined by the expiration date placed on the product by the manufacturer when required by law but shall not commence until the date the product was first purchased for use or consumption.

SECTION 3. Statute of Limitations. Any.action against a manufacturer or seller of a product for injury to person or property caused by its defection or unreasonably dangerous condition must be brought within the period fixed by Tennessee Code Annotated, sections 47-2-725,28-304, 28-305 and 28-314, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury. In any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of fourteen (14) years from the date of injury or within a period of one year after attaining the age of majority, whichever occurs sooner.

SECTION 4. Compliance with Government Standards. Compliance by a manufacturer or seller with any federal or state statute or administrative regulation existing at the time a product was manufactured and prescribing standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of a product, shall raise a rebuttable presumption that the product is not in an unreasonably dangerous condition in regard to matters covered by these standards.

EXHIBIT A TO PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS.

AMENDMENT NO. ⎵11⎵

page 1 of 1

Signature of Sponsor

AMEND Senate Bill No. ⎵2188⎵ House Bill No. ⎵1977⎵

in section 3 by deleting the words "within a period of fourteen (14) years from the date of injury or" in the first s s sentence of the section.

EXHIBIT B TO PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS.