The judgment of the district court is therefore AFFIRMED.

**Jennifer Amanda HOLT, by next friend James Junior HOLT, and James Junior Holt, Individually, Plaintiffs,**

v.

**HYPRO, A DIVISION OF LEAR SIEGLER, INC., Defendant and Third-Party Plaintiff-Appellant,**

**Ford Motor Company, Third-Party Defendant, Appellee.**

**No. 83–5423.**

United States Court of Appeals, Sixth Circuit.

Argued July 18, 1984.

Decided Oct. 22, 1984.

J. Paul Coleman (Lead), Thomas C. McKee (argued), Herndon, Coleman, Brading & McKee, Johnson City, Tenn., for defendant and third-party plaintiff-appellant.

Charles R. Terry, Morristown, Tenn., for plaintiffs.

Howard Jarvis, (Ford), Louis C. Woolf (argued), Knoxville, Tenn., for Ford Motor Co.

Before MERRITT and KENNEDY, Circuit Judges, and ALLEN, District Judge.[*]

MERRITT, Circuit Judge.

In this Tennessee diversity case, the question is whether a minor must bring her products liability action "within ten years from the date on which the product was first purchased" or within one year after adulthood. The applicable limitations statute, T.C.A. § 29–28–103(a) reads in pertinent part:

Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought ... within six years of the date of injury, in any event [sic], the action must be brought within ten years from the date on which the product was first purchased for use or consumption ... except in the case of injury to minors whose action must be brought within a period of one year after attaining the age of majority, whichever is sooner.

The plaintiff alleges that she was "scalped" when her hair was caught in a pump manufactured by Lear Siegler, Inc., attached to a power unit on a 1953 Ford tractor first purchased from the defendant, Ford Motor Company, more than ten years before the date of the injury. Plaintiff brought her action before reaching her adulthood plus one year. Plaintiff settled her case against Lear Siegler for approximately $175,000, and Lear Siegler as third party plaintiff sued Ford for indemnity or contribution.

The District Court in Knoxville dismissed Lear Siegler's action against Ford as untimely because the tractor was first purchased more than ten years before the injury. The Court held that the cause of action is barred because the ten year products liability period was closed when the injury occurred, and hence no action against the manufacturer could arise or accrue.

We are somewhat puzzled by the statute as it applies to minors injured by products over ten years old, and we sought to certify the question to the Tennessee Supreme Court. That Court has now advised us that they do not have the judicial power to accept certified questions. We are left to divine the meaning of the Tennessee Legislature on our own.

District Judge Wiseman in Nashville has held, after analyzing the legislative history of the limitations statute at issue, that the "whichever occurs sooner" language is a nullity because it was left in the statute by mistake after a series of floor amendments. *Tate v. Eli Lily & Company*, 522 F.Supp. 1048 (M.D.Tenn.1981). In *Tate*, Judge Wiseman held that an action for prenatal injury caused by a drug taken by plaintiff's mother was not barred by the ten year products cap because of Tennessee's strong traditional policy of preserving minors' actions until one year after adulthood. The District Court in the instant case distinguished *Tate* on grounds that in the instant case the ten year period had expired before the plaintiff's action accrued, a fact not present in *Tate* because the ten year period was still open when Tate was born with a defect.

Our reading of the statute suggests that Judge Wiseman is right in saying that the "whichever occurs sooner" language has no relevance to the tolling period for minors because the language would make the minors' exception meaningless. Otherwise, minority would penalize rather than aid an injured plaintiff. If we give effect to the "whichever occurs sooner" language, a minor injured at age 17 would have only two years to bring suit and a minor injured by a new product at age 6 would have to sue by age 12 and a minor injured at age 6 by a 7 year old product would have to sue by age 9.

In order to give the minors' exception any sort of rational meaning and purpose, the "whichever occurs sooner" language must be excluded and the minors' exception must be read literally as a clean exception

to the other periods of limitations contained in the same section. We therefore read the minors' exception, as did Judge Wiseman, as an exception to the ten year cap as well as the six year limitations period.

Accordingly, we hold that the District Court erred in holding that the minor's action against Ford was barred by the ten year period. The minors' exception applies, and the plaintiff may bring her action within the period established by the minors' exception. The case is reversed and costs are assessed against appellee.